1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MANUEL DUARTE RODRIGUEZ, ) | 1:09-cv-00424 YNP [DLB] (HC) |
| Petitioner, ) | ORDER DENYING PETITIONER'S |
| ) | MOTION TO STAY |
| v. ) | [Doc. #12] |
| ) | |
| LARRY SMALL, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On March 28, 2007, Petitioner was convicted of murder in the Stanislaus County Superior Court and sentenced to thirty years to life in prison.  (First Am. Pet. at 1).

Petitioner appealed to the California Court of Appeal, Fifth Appellate District, which affirmed the conviction.  Id. at 2.  Petitioner then filed a petition for review with the California Supreme Court, which was denied.  Id.

Petitioner filed a petition for writ of habeas corpus in the United States District Court for the Central District of California on February 21, 2009.  (Doc. #1).  In his original petition, Petitioner raised ineffective assistance of counsel (IAC) in Ground One and a sufficiency of the evidence claim in Ground Two.  (Pet. at 5).  The case was transferred to the Eastern District of California on March 6, 2009.  (Doc. #4).  Petitioner filed a Request to Amend Petition and a First Amended Petition on

1   April 21, 2009.  (Docs. #7, 8).  In his First Amended Petition, Petitioner raised only one claim, that

2   the evidence was insufficient to prove that he aided and abetted first-degree murder.  (First. Am.  Pet.

3   at 7).  On July 27, 2009, Petitioner filed a Motion to Stay his petition while he filed new unexhausted

4   claims to state court.  (Doc. #12).  It is Petitioner's motion to stay that will be considered herein.

5          Petitioner consented to the jurisdiction of the Federal Magistrate Judge pursuant to 28 U.S.C.

6   § 636(c).  (Doc. #9).  No other party has yet appeared in this case.

7                                              **DISCUSSION**

8          Petitioner relies on <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002), in his Motion to Stay.

9   <u>Kelly</u> set forth a three-step procedure by which a petitioner can stay part of his petition while

10  exhausting his unexhausted claims.  Under the <u>Kelly</u> three-step procedure, a petitioner first amends

11  his mixed petition to delete any unexhausted claims.  Next the Court will stay and hold in abeyance

12  the amended, and now fully exhausted, petition while the petitioner exhausts the deleted claims in

13  state court.  Finally, the petitioner amends his stayed petition to re-attach the now fully exhausted

14  claims that he deleted earlier.  <u>King v. Ryan</u>, 564 F.3d 1133, 1135; <u>Kelly v. Small</u>, 315 F.3d 1063,

15  1070-71 (9th Cir. 2002).  It should be noted, however, that this three-step procedure is not a means

16  to circumvent the normal exhaustion process.  First of all, only the already fully exhausted claims are

17  stayed, which means that the petitioner would still have to re-attach his deleted claims within the

18  original one-year statute of limitation set forth by the Anti-Terrorism and Effective Death Penalty Act

19  of 1996 (AEDPA).  <u>King</u>, 564 F.3d at 1138-39; 28 U.S.C. § 2244(d)(1).  Secondly, even though

20  <u>Kelly</u> does not require a showing of good cause, the Court was clear that the "district courts retain

21  the same degree of discretion they had before <u>Rhines</u>[1] to implement the <u>Kelly</u> procedure..."  <u>King</u>, 564

22  F.3d at 1141.

23         In this case, Petitioner's current petition, First Amended Petition, does not contain any

24  unexhausted claims that he now seeks to delete; he merely wants to stay his petition so he can add

25  new claims once they are through the state court.  Petitioner did raise IAC in his original petition but

26  did not include those claims in his First Amended Petition.  Even though the First Amended Petition

27  ─────────────────────

28       [1]<u>Rhines v. Webber</u>, 544 U.S. 269 (2005), allows the entire petition, both exhausted and
     unexhausted claims, to be stayed only upon a showing of good cause.

1  supercedes the original petition, Local Rule 15-220, the Court did have notice of Petitioner's IAC

2  claim because he raised it in his original petition.

3      While the fact that the Court had notice of the IAC claim weighs in favor of granting

4  Petitioner's Motion to Stay, there are much more significant factors that weigh against it.   AEDPA's

5  one-year statute of limitations serves two important purposes.  One is to "reduce delays in the

6  execution of state and federal criminal sentences . . . ."  Rhines v.  Weber, 544 U.S. 269, 276 (2005)

7  (quoting Woodford v.  Garceau, 538 U.S. 202, 206 (2003)).   The other is to "encourage prisoners to

8  seek relief from state courts in the first instance by tolling the 1-year limitations period while a

9  'properly filed application for State post-conviction or other collateral review is pending.'" Id.

10  quoting 28 U.S.C. § 2244(d)(2).  Petitioner seeks to undermine both of these purposes by attempting

11  to add two IAC claims that he admittedly researched only after he had filed his federal petition.   In

12  his Request to Amend Petition, Petitioner explained that the reason he filed his federal petition before

13  he had exhausted all of his claims is because "under federal law he has only one-year to filed it, and

14  since he plans to file a state petition in two months, and since he plans to pursue that petition

15  throughout the appellate process, that process may take one to two years to resolve, thereby

16  timebarring Petitioner."  (Req. to Amend Pet. at 2).  Petitioner acknowledged that the law tolls the

17  limitation period while a properly filed petition is pending in state court but considered that "one

18  never knows whether the state petition was properly filed," and thus waited to file his state court

19  petition until after he had filed in federal court.  Id.  It goes against the intent of the AEDPA and is

20  not in the interest of judicial economy to require prisoners to file a federal petition within a strict

21  statute of limitations only to allow them to add new claims as they come up with them throughout the

22  federal proceedings – but that is exactly what Petitioner is asking us to do.  To allow Petitioner to

23  carry on in this manner would only encourage future petitioners try to circumvent the one-year

24  limitations period by filing their federal petitions as soon as possible and then researching and adding

25  new claims later.  For these reasons the Court exercises its discretion not to implement the Kelly

26  procedure and stay the petition.

27      Accordingly, Petitioner's Motion to Stay is DENIED.  Petitioner may choose to withdraw the

28  entire petition and file a new federal petition once all of his claims have been exhausted or his may

1   choose to continue with his current petition.  Until a motion to withdraw is filed, the Court will

2   continue to move forward with this case as-is.

3                                              **ORDER**

4           It is hereby ORDERED that Petitioner's Motion to Stay is DENIED.

5

6           IT IS SO ORDERED.

7        **Dated:   November 9, 2009**              _____/s/ Dennis L. Beck_____
                                                      UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28